**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DARIUS HOLT : | |
|    Petitioner : | |
| v : | Civil Action No. JFM-05-2127 |
| NANCY L. ROUSE, *et al.* : | |
|    Respondents : | |

o0o

**MEMORANDUM**

The above-captioned petition for writ of habeas corpus was filed August 4, 2005, pursuant to 28 U.S.C. § 2254.  Paper No. 1.  On September 12, 2005, this court issued an order requiring respondents to file a limited response addressing the timeliness of the petition.  Paper No. 1.  On November 4, 2005, respondents filed an answer alleging that the petition is untimely and should be dismissed.[1]  Paper No. 6.  Petitioner has filed a reply to the answer alleging that the merits of the petition should be considered by this court.  Paper No. 7.  Upon review of the papers filed, this court finds a hearing in this matter to be unnecessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6.  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

Background

On November 3, 2000, after a jury trial, petitioner was found guilty of second degree murder and use of a handgun in the commission of a crime of violence in the Circuit Court for Baltimore City.  Paper No. 6 at Ex. 1, p. 6.  On January 17, 2001, petitioner was sentenced to serve 30 years, from December 3, 1999, for the second degree murder offense and 20 years consecutive for the

---

[1] The answer served on petitioner included the exhibits.  Paper No. 6.  *See Thompson v. Greene,*__ F.3d___, 2005 WL 2739498 (4th Cir. Oct. 25, 2005).

handgun conviction. *Id*. A timely appeal to the Court of Special Appeals was filed by petitioner on February 2, 2001. *Id*. The appeal raised three grounds: that the motions court erred in denying the defense motion to suppress; that the trial court erred by admitting evidence regarding a polygraph test given to a State's witness; and that the trial court erred when it allowed the State to re-open its case in chief after the defense rested. Paper No. 6 at Ex. 2, pp. 6, 15 and 18. The Court of Special Appeals affirmed petitioner's convictions in a decision dated May 29, 2002. *Id*. at p. 31. The mandate issued on June 28, 2002, and a subsequent petition for writ of certiorari was denied by the Court of Appeals on September 12, 2002. *Id*. at Ex. 2 and 3. No petition for writ of certiorari was filed with the United States Supreme Court, and accordingly petitioner's conviction became final 90 days later, on December 12, 2002, when the time for filing such a petition expired. There have been no post-conviction petitions filed by petitioner in this case. *Id*. at Ex. 1.

Standard of Review

There is a one year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The one year period begins to run on the date the criminal conviction is final; however, it is tolled while properly filed post conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

2

    and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims
    presented could have been discovered through the exercise of due
    diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'." *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.

## Analysis

The instant petition has been filed beyond the one-year limitation and petitioner does not claim that any of the exceptions noted in § 2244(d)(1) apply to his case. Rather, petitioner claims that the Maryland appellate courts failed to abide by applicable time proscriptions in rendering the decisions on his appeals. Paper No. 7 at pp 1– 10. Assuming without deciding that petitioner is correct in his assertions, such failure is not a basis for tolling the federal statute of limitations applicable to the instant petition. Petitioner's suggestion that this court require respondents to prove that he actually received his decision from the Court of Appeals is equally unavailing. *Id*. at p. 5. To be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Even if the alleged failure by the appellate courts to render timely decisions could be viewed as misconduct, it did not contribute to the untimely filing of the instant petition.

3

Conclusion

Petitioner having failed to establish that the untimely filed petition for writ of habeas corpus should be considered under equitable tolling considerations, this court is without jurisdiction to review the merits of the grounds alleged. Accordingly, the petition shall be dismissed as untimely by separate order which follows.


<u>November 23, 2005</u>                              /s/
Date                                                          J. Frederick Motz
                                                                United States District Judge